# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| DANIEL HUNTER MARSHALL | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-331 |
| | ) | |
| STEVE BURNS, NEAL MATHEWS and | ) | |
| RYAN WARD | | |

## **MEMORANDUM and ORDER**

Acting *pro se*, inmate Daniel Hunter Marshall brings this civil rights action for damages under 42 U.S.C. § 1983, against Greene County Sheriff Steve Burns, Greene County Detention Center [GCDC] Administrator Neal Mathews, and Correctional Officer Ryan Ward. Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

The custodian of plaintiff's inmate trust account at the facility where he now resides is **DIRECTED** to submit to the Clerk twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk

of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the GCDC and to Gayle E. Ray, Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

In his complaint, plaintiff asserts that Officer Ward approached him after he had finished taking a shower, strip-searched him, asked him for a sexual favor, continued with normal procedures by having him turn around, but then made him squat at least five times. When plaintiff called defendant a name related to sexual orientation and asked why he was being required to squat more than normal procedures dictated, the officer replied, "Shut up before I spray you." As plaintiff was dressing, defendant Ward stated that if plaintiff said anything about what had occurred, he would kill him. Plaintiff filed numerous grievances concerning this incident, but received no response.

Next, plaintiff maintains that the GCDC law library is not up-to-date, that his life is on the line, and that he would like to study his case in hopes of helping

---

[1] Payments should be mailed to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

himself in the future. Finally, he asserts a claim under Title VI for subjecting him to discrimination by means of segregating him in maximum security for no reason and housing him in a cell with no running water, which forces him to drink water from the toilet so that he can maintain hydration. This, plaintiff believes, amounts to cruel and unusual punishment, as well as physical and mental abuse, and it has caused extraordinary weight loss and a physical breakdown.

The complaint now must be screened to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Three allegations fail to state a constitutional claim. In the first of these, plaintiff maintains that the GCDC law library is outdated. A contention that a prisoner has been denied an adequate law library is to be analyzed as a denial of access to the courts claim. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985.)

It is true that prisoners have a right of access to courts, *Bounds v. Smith*, 430 U.S. 817, 822 (1977), and that prison officials must not deny a prisoner the tools necessary to litigate claims with regard to his criminal conviction or to a § 1983 action challenging the conditions of his confinement. *Lewis v. Casey*, 518 U.S. at 354-55. "In order to state a claim for denial of meaningful access to the courts, however,

plaintiff[] must plead and prove prejudice stemming from the asserted violation. Plaintiff[] must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing or a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), (citing *Lewis*, 518 U.S. at 351 (1996)).

In the present case, the Court finds that plaintiff has failed to allege or indicate in what way he has been prejudiced in litigating his claims. Plaintiff, therefore, fails to state a claim for denial of his right of access to the courts.

The second allegation in this category of claims is the one purportedly brought under Title VI, which prohibits discrimination based on race or national origin in programs which receive federal funds.[2] Here, however, plaintiff has not identified any program or activity of which he was denied a benefit. Indeed, plaintiff's core complaint is not that he was deprived of a benefit, but that his

---

[2] Title VI of the Civil Rights Act of 1864 reads, in relevant part:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

placement in segregation produced a detriment. Moreover, plaintiff has not described his race, color, or national origin, which caused him to be subjected to discrimination. Absent these essential elements, plaintiff fails to state a claim based on a violation of Title VI.

Nor does the assertion concerning his housing in the maximum custody unit comprise an equal protection claim. The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, plaintiff must show that defendants intentionally discriminated against him based on his membership in a suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988) (a plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim."). Further, he must demonstrate that a discriminatory purpose was a factor in the defendants' challenged practice. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1997). Also, he must prove that he was treated differently from those who are similarly situated to him. *Id*. at 270 n.21.

These factors have not been established here. Plaintiff does not allege

that he is a member of a protected class;[3] he does not allege any discriminatory purpose was a component of his confinement in segregation; and he has not demonstrated that he is similarly situated to other prisoners. A mere difference in treatment does not offend the equal protection clause. *See Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) ("[P]laintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently").

The third allegation of this type involves the cell conditions in the segregation unit. Plaintiff claims that the lack of running water required him to drink out of the toilet. The Eighth Amendment proscribes punishments that involve the unnecessary and wanton infliction of pain. U. S. Const. amend. VIII. To state such a claim, a plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first component requires a plaintiff to show a "sufficiently serious" deprivation; the second requires a showing that a defendant acted with deliberate indifference, or a conscious disregard to a substantial risk of serious harm to the inmate. *Id.*, at 837.

Plaintiff has failed to connect any named defendant or anyone else with his placement in a "dry cell," and he has not alleged that he asked for and was denied

---

[3] Indeed, prisoners are not a suspect class for purposes of an equal protection analysis. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

water to drink. Without an identification of the individual(s) involved in this supposed misdeed or some factual nexus between that person and the alleged wrongdoing, there is nothing from which to infer the state-of-mind element of an Eighth Amendment claim. Allegations which lack the necessary factual support are conclusory. A court is not required to conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Conclusory contentions such as these do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)

However, the Court cannot say that plaintiff's claim involving the strip search is frivolous or malicious or that plaintiff seeks monetary relief from a defendant who is immune from such relief or that he has failed to state a valid claim for relief under § 1983. This single claim will be permitted to proceed.

Therefore, the Clerk is **DIRECTED** to send plaintiff a service packet. (A service packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of receipt of this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the

summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant Ward. Defendant **SHALL** respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

Finally, because no claims of unconstitutional conduct have been alleged against Sheriff Steve Burns and GCDC Administrator Neal Mathews, they are **DISMISSED** from this lawsuit.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE